# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE: | § |
| | §  Case No. 23-34815 (JPN) |
| GALLERIA 2425 OWNER, LLC | § |
| | §  Chapter 11 |
| Debtor. | § |
| 2425 WL, LLC | § |
| | § |
| Appellant | §  Civil Action No. 4:24-cv-02590 |
| | § |
| v. | § |
| | § |
| NATIONAL BANK OF KUWAIT, | § |
| S.A.K.P., NEW YORK BRANCH; | § |
| CHRISTOPHER R. MURRAY, | § |
| TRUSTEE | § |
| | § |
| Appellees. | § |

**SUPPLEMENT TO AND REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL**

## **TABLE OF CONTENTS**

Page

SUPPLEMENT TO MOTION TO DISMISS .................................................................................... 1

REPLY TO 2425 WL'S RESPONSE ............................................................................................ 5

    A.  2425 WL Has Not Explained Why It Failed to Comply with Bankruptcy Rule 8009 ............................................................................................................................ 5

    B.  2425 WL Did Not Raise the Plan's Cancellation of Its Proof of Claim at the Confirmation Hearing ................................................................................................ 7

    C.  The Plan's Gatekeeping Provision Is Consistent with Fifth Circuit Law ........................... 8

CONCLUSION ............................................................................................................................ 10

National Bank of Kuwait, S.A.K.P., New York Branch ("NBK") supplements its motion to dismiss (the "Motion") [Docket No. 3] the appeal filed by the Debtor's affiliate 2425 WL, LLC ("2425 WL") of the order (the "Confirmation Order") confirming NBK's liquidating plan for the Debtor (the "Plan") and replies to 2425 WL's amended response in opposition to the Motion (the "Response"). [Docket No. 9].[1] As part of this supplement[2] and reply (the "Reply"), NBK submits the *Declaration of Charles C. Conrad* (the "Conrad Decl.") attached as Exhibit A.

### SUPPLEMENT TO MOTION TO DISMISS: 2425 WL LACKS STANDING TO APPEAL

1. Since the Motion was filed, the Bankruptcy Court presiding over the above-captioned chapter 11 case (the "Bankruptcy Case") has disallowed 2425 WL's claims against the Debtor as fraudulent, and with the disallowance of its claims, 2425 WL's ability to prosecute an appeal of the Confirmation Order has evaporated. This new development adds to the reasons set forth in the Motion to dismiss this Appeal.[3]

2. 2425 WL was an active participant and litigant in the Bankruptcy Case. It held itself out as a junior secured creditor of the Debtor based on approximately $14 million in seller financing it claimed to have provided to the Debtor in connection with the Debtor's May 23, 2018, acquisition of the real property (the "Property") that constituted the Debtor's major asset in the Bankruptcy Case. NBK loaned the Debtor more than $51 million to buy the Property from its affiliate, 2425 WL, and NBK's loan was secured by a first priority deed of trust on the Property.

3. 2425 WL filed an original and amended proof of claim in the Bankruptcy Case for its alleged secured debt. 2425 WL appended a copy of a promissory note and deed of trust, dated

---

[1] Capitalized terms used but not defined herein have the meaning ascribed to them in the Motion.

[2] This supplement is in addition to, and does not replace or amend, the Motion.

[3] 2425 WL also has lost its ability to prosecute its pending appeal of the final cash collateral order entered in the Bankruptcy Case. *See* Civ. Action No. 4:24-cv-01746 (KPE). A motion to dismiss that appeal also is being filed.

1

as of May 23, 2018, as proof of the debt it claimed to be owed, and the security it held for the repayment of that alleged debt. A copy of 2425 WL's amended proof of claim is attached as Exhibit 1 to the Conrad Decl. ("Claim No. 7"). Claim No. 7 was 2425 WL's only claim in the Bankruptcy Case.

4. The chapter 11 trustee appointed in the Bankruptcy Case (the "Trustee")[4] objected to Claim No.7 asserting, among other things, that there was no consideration for the alleged debt and related deed of trust, and indeed, the debt was fabricated by the Debtor, 2425 WL and their common owner, Ali Choudhri. The Trustee contended that there was no seller financing provided to the Debtor when it acquired the Property, and to the contrary, 2425 WL took over $13 million in cash from the 2018 sale transaction. The Trustee asserted that the alleged debt was fabricated and documented years after the 2018 transactions to obtain leverage over various parties by Mr. Choudhri and his companies, 2425 WL and the Debtor. A copy of the Trustee's objection is attached as Exhibit 2 to the Conrad Decl. (the "Trustee's Objection").

5. On September 6, 2024, the Bankruptcy Court held an evidentiary hearing on the Trustee's Objection. At the conclusion of the hearing, the Bankruptcy Court ruled, among other things, that based on the "clear and convincing" evidence before it, 2425 WL's debt was "fraudulent." The Court held that there was no seller financing by 2425 WL and the promissory note and deed of trust appended to Claim No. 7 reflected a non-existent, fabricated debt. Accordingly, the Bankruptcy Court "disallowed" 2425 WL's Claim No. 7 and advised 2425 WL that it would be making a criminal referral to the United States Attorney based on the fraudulent proof of claim, which was signed under penalty of perjury by Mr. Choudhri, the principal of both

---

[4] The Trustee serves as the trustee of the liquidation trust established pursuant to the confirmed Plan, and in that capacity accedes to the Trustee's status here as an appellant.

2

2425 WL and the Debtor. (*See* September 6, 2024 Hearing Transcript ("Transcript"), attached as Exhibit 3 to the Conrad Decl., at 97:7-9.)

6. On September 9, 2024, the Bankruptcy Court entered an order disallowing 2425 WL's Claim No. 7 and made the criminal referral. (*See* Order Disallowing Proof of Claim and Referral to United States Attorney attached as Exhibit 4 to the Conrad Decl.)[5]

7. Without a claim, 2425 WL cannot prosecute its Appeal of the Confirmation Order. It has no cognizable legal or economic interest to vindicate through the Appeal. It cannot complain that its fraudulent and disallowed claim was improperly classified; that the Plan discriminates unfairly against its fraudulent and disallowed claim; or even that the Bankruptcy Court improperly counted NBK's vote in favor of the Plan. It has no legally protected interest traceable to the Confirmation Order and thus lacks standing to pursue the Appeal. *See Matter of Dean*, 18 F.4th 842, 844 (5th Cir. 2021) (to have standing to object to a bankruptcy order, the "appellant must show that he is directly, adversely, and financially impacted by a bankruptcy order."). This is an additional reason, beyond mootness as set forth in the Motion, compelling dismissal of the Appeal before any merits briefing.

8. NBK shared its position that the disallowance of 2425 WL's claim requires dismissal of this Appeal after the September 6, 2024 hearing with 2425 WL's counsel and requested that 2425 WL voluntarily withdraw the appeal.[6] At 2425 WL's counsel's request, NBK

---

[5] The Trustee also had objected to the non-withdrawn claims of all insiders of the Debtor, specifically Mr. Choudhri and Jetall Companies, Inc. *See* Trustee's Objection. These claims also were disallowed at the September 6, 2024 (*see* Transcript at 92-96.) and by separate orders. (*See* Conrad Decl., Exs. 5 and 6.)

[6] During this discussion, counsel for 2425 WL suggested that even if the disallowance of its claim deprives 2425 WL of standing to complain generally about the classification and treatment of its claim and other alleged errors by the Bankruptcy Court, there is one issue that it has standing to pursue: whether the gatekeeping and related injunction contained in the confirmed Plan and Confirmation Order are permissible. NBK made clear, and 2425 WL's counsel agreed, that this discussion was not a settlement communication.

3

articulated the reasons and rationale for this request, consistent with the points set forth above. NBK also told 2425 WL's counsel that it would be filing this supplement if the Appeal was not withdrawn.

9. Instead of withdrawing the Appeal, in its Response, 2425 WL tries to avoid dismissal for lack of standing by limiting the Appeal to the following two issues: (i) whether the Plan properly canceled and extinguished 2425 WL's claim against the bankruptcy estate; and (ii) whether the gatekeeping and related injunction contained in the confirmed Plan and Confirmation Order are permissible.[7] (*See* Response at ¶¶ 5(a) and (b).)

10. These purported limitations, however, are insufficient to save 2425 WL's standing in this Appeal. It is irrelevant to 2425 WL's standing that the Plan purported to cancel and extinguish Claim No. 7, because the Bankruptcy Court has disallowed that fraudulent claim based on a developed evidentiary record.

11. It similarly is irrelevant to 2425 WL's standing that the Plan has gatekeeping provisions. Even if those provisions extend beyond Fifth Circuit precedent, which they do not, the lack of a claim to assert in the Bankruptcy Case deprives 2425 WL of standing to challenge those provisions given the stringent requirement for appellate standing. Equally significant, however, to 2425 WL's lack of standing to challenge the gatekeeping provisions of the Plan is that it has no direct claim to assert against NBK outside the Bankruptcy Case that could be impacted by the Plan's gatekeeping provisions as demonstrated by the following:

12. First, prior to confirmation of the Plan, 2425 WL sued NBK in the Bankruptcy Court alleging it had been directly harmed by NBK's conduct and it sought among other things

---

[7] The Response confirms that these are the only issues it intends to pursue on Appeal, thereby waiving any other issues identified in its statement of issues on appeal. *See* ECF No. 3, Ex. A, Ex. 6.

4

to equitably subordinate NBK's claim in the Bankruptcy Case based on that harm (the "Equitable Subordination Lawsuit").  After two attempts to state viable claims against NBK, 2425 WL's Equitable Subordination Lawsuit against NBK was dismissed *with prejudice*, and 2425 WL never appealed or sought reconsideration of that final dismissal order.  (*See* Record, Item Nos. 36 and 41.)

13.     Second, the Bankruptcy Court denied 2425 WL's substantive objections to NBK's claims that sought the disallowance of NBK's claims based on the same basic facts that it asserted in the Equitable Subordination Lawsuit.  The Bankruptcy Court found that 2425 WL "failed to meet [its] burden."  (Order Granting Motion for Summary Judgment is attached as Exhibit 7 to the Conrad Decl. at 3.)

14.     The disallowance of 2425 WL's fraudulent claim by the Bankruptcy Court, coupled with the final rejection of 2425 WL's multiple attempts to assert direct claims for damage against NBK, both of which occurred independently of the Confirmation Order, make clear that 2425 WL does not satisfy *Dean*'s requirement that, to have appellate standing, 2425 WL demonstrate that the Confirmation Order "directly, adversely, and financially" impacts it.  *Dean* 18 F.4th at 844.

15.     Accordingly, in addition to mootness, the Appeal must be dismissed because 2425 WL lacks standing.

## REPLY TO 2425 WL'S RESPONSE

### A.     *2425 WL Has Not Explained Why It Failed to Comply with Bankruptcy Rule 8009*

16.     2425 WL argues that its 18-day late designation of record and statement of issues for appeal is not cause to dismiss the Appeal.  It points out that it timely appealed the Confirmation Order and ordered a transcript and that NBK timely filed its counter designation.  (*See* Response at ¶ 2.)  But those timely events do nothing to explain 2425 WL's untimely filing of the designation

5

of the record and statement of appellate issues, as required by the Bankruptcy Rules, a deadline reinforced by a notice provided to the 2425 WL by the Bankruptcy Court. (*See* Motion at ¶ 5.)

17. Indeed, 2425 WL is silent about why it missed this clear, noticed deadline. Tellingly, 2425 WL provides no response to the only fair inference based on indisputable facts as set forth in more detail in the Motion: 2425 WL ignored the deadline intentionally. It was waiting for its preferred purchaser for the Property, QB Loop, to close on that sale, so that an affiliate under common control with 2425 WL would have its lease assumed. It only filed its designation of record and statement of issues after the Trustee gave notice that QB Loop failed to close the sale, because keeping the Appeal alive was the only glimmer of hope that 2425 WL and its affiliates retained with respect to keeping a lease at the Property. Admittedly, 2425 WL filed its designation of record and statement of issues within three hours of the Trustee's notice, but this prompt action underscores that the failure to timely file the designation/statement was intentional. (*See* Motion at ¶ 5.)

18. As detailed in the Motion, on far less intentional conduct, courts have dismissed appeals for failure to prosecute when a designation/statement has not been timely filed in a bankruptcy appeal. (*See* Motion at ¶ 21 (appeal dismissed where appellant filed a designation/statement 15 days' late; *In re Serra Builders, Inc.*, 970 F.2d 1309 (4th Cir. 1992).) 2425 WL offers no rebuttal to *Serra Builders*, but instead attempts to distinguish it by asserting that there is no Fifth Circuit precedent to support dismissal under similar facts like here. (Response at ¶¶ 2-4.) This argument is unpersuasive because it suggests that the lack of Fifth Circuit precedent provides a license to ignore clear and unambiguous deadlines. Not so. The Bankruptcy Rule's 14-day deadline to file a designation of record and statement of issues serves a clear purpose, and Bankruptcy Rule 8003(a)(2) permits dismissal to enforce prompt prosecution.

19. A dilatory (in this case, obstinately dilatory) appellant who fails to provide any explanation (much less a justifiable one) for its failure to comply with established deadlines and refute the harm or prejudice delay causes, cannot save an appeal like this one, by ignoring the facts that demonstrate both improper motive and prejudice.

20. For these reasons, the Appeal should be dismissed because 2425 WL failed to promptly prosecute it.

### B. 2425 WL Waived Any Argument that the Plan Improperly Cancelled Its Proof of Claim by not Raising the Argument at the Confirmation Hearing

21. As explained above, since the entry of the Confirmation Order, the Bankruptcy Court has disallowed 2425 WL's Claim No. 7 as fraudulent, not only depriving it of standing to appeal, but also making this new objection to confirmation, that the confirmed Plan improperly cancelled and extinguished its then claim against the bankruptcy estate, moot.

22. But even if this new objection was not moot, it has been waived. The cancellation and expungement of 2425 WL's claims was not raised or argued in 2425 WL's objection to confirmation of the Plan or at the confirmation hearing, nor was it raised as an issue in its (untimely) statement of issues. The failure to raise this objection in the Bankruptcy Court is fatal to 2425 WL's attempt to raise it now, and its inability to raise it now is only amplified by its failure to have raised the issue in its statement of issues. General objections about classification and treatment within classes are insufficient to put parties and the Bankruptcy Court on notice of this issue. *See United States v. Joseph*, 102 F.4th 686, 691 (5th Cir. 2024) (unless an argument is raised with the trial court "to such a degree that the district court has an opportunity to rule on it," the appellate court should not address it (quoting *FDIC v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994)). (*See also* June 19, 2024 Hearing Transcript attached as Exhibit 8 to the Conrad Decl.)

### C. *The Plan's Gatekeeping Provisions Are Consistent with Fifth Circuit Law*

23. 2425 WL argues that the Appeal is not equitably moot because the Plan impermissibly includes a gatekeeping provision. According to 2425 WL, the Plan "violates long-standing Fifth Circuit case law prohibiting a debtor's plan from enjoining actions by third-parties (sic) against other third-parties (sic)." (Response at ¶ 5(b).)

24. As noted in the Motion and found by the Bankruptcy Court in the Confirmation Order, 2425 WL is wrong. The Plan's gatekeeping provisions are completely consistent with Fifth Circuit precedent, because, among other things:

   a. The Plan only releases claims held by the *bankruptcy estate* (not 2425 WL or any other party) against NBK and other released parties and it contains limited injunctions that support those releases. (*See* Docket No. 3, Ex. A, Ex. 4, Plan, Art. IX.D and E.)

   b. The gatekeeping provisions are procedural and narrowly drafted. They require that before a claim can be brought or continued against a party that has been released of bankruptcy estate claims based on conduct involving the Debtor, that party must first demonstrate to the Bankruptcy Court that the claim being pursued is colorable and not an estate claim. (*See id.*, Confirmation Order at P; Plan, Art. IX.E.)

25. This kind of limited injunction, as the Bankruptcy Court found, marks up exactly with the requirements for a gatekeeping injunction set forth by the Fifth Circuit in *Highland Capital*. *See In re Highland Capital Mgmt., L.P.*, 48 F.4th 419, 439 (5th Cir. 2022) (noting that "[c]ourts have long recognized bankruptcy courts can perform a gatekeeping function," and affirming the "inclusion of the injunction and the gatekeeper provisions in the [debtor's] Plan"

8

because it "need not evaluate whether the bankruptcy court would have jurisdiction under every conceivable claim falling under the widest interpretation of the gatekeeper provision.").

26. Moreover, as explained above, any appellate modification of the gatekeeping provisions will provide no relief to 2425 WL. Not once, but twice, the Bankruptcy Court dismissed an adversary proceeding brought by 2425 WL alleging, among other things, that NBK's conduct in connection with the Debtor harmed 2425 WL. The second dismissal was with prejudice. (*See* Record, Item No. 41.) 2425 WL did not appeal the Bankruptcy Court's with-prejudice dismissal. 2425 WL, thus, is precluded from challenging that order through this Appeal and a meritless challenge to the Plan's gatekeeping provisions. *See Deckert v. Wachovia Student Fin. Servs.*, 963 F.2d 816, 818 (5th Cir. 1992) (collateral estoppel "precludes relitigation" if "issues actually and finally decided in a prior action.") (internal quotation marks and citation omitted); *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 960 F.2d 1286, 1293 (5th Cir. 1992) (an unappealed order is a final judgment on the merits for *res judicata* purposes).

27. Accordingly, without non-estate claims to pursue against NBK based on independent judicial decisions eliminating the continued viability of those claims, there is no relief that this Court can fashion to address 2425 WL's (meritless) objection to the Plan's gatekeeping provisions. As noted above, this, among other things, deprives 2425 WL of standing, but it also makes this Appeal moot.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Appeal by entering the proposed order attached to the Motion.

DATED: September 18, 2024                **PILLSBURY WINTHROP SHAW PITTMAN LLP**

*/s/ Charles C. Conrad*
Charles C. Conrad
Texas State Bar No. 24040721
Ryan Steinbrunner
Texas State Bar No. 24093201
609 Main Street Suite 2000
Houston, TX 77002
Telephone: (713) 276-7600
Facsimile: (713) 276-7634
charles.conrad@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com

- and -

Andrew M. Troop (Bar No. MA547179)
Patrick E. Fitzmaurice*
Kwame O. Akuffo*
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com
patrick.fitzmaurice@pillsburylaw.com
kwame.akuffo@pillsburylaw.com

*Admitted *pro hac vice*

**Counsel for National Bank of Kuwait, S.A.K.P., New York Branch**

## CERTIFICATE OF SERVICE

I hereby certify that, on September 18, 2024, a true and correct copy of forgoing motion was served via the Court's CM/ECF system on the Chapter 11 Trustee, 2425 WL's counsel of record and all others who are deemed to have consented to ECF electronic service in this Appeal, and also by mailing a copy of the motion, first class, postage prepaid, to each of the parties on the below service list.

*/s/ Charles C. Conrad*
Charles C. Conrad

## CERTIFICATE OF CONFERENCE SERVICE

On September 6, 2024, the undersigned hereby certifies that it informed 2425 WL's counsel about supplementing the Motion.

*/s/ Andrew M. Troop*
Andrew M. Troop

## Service List

**Appellant's Counsel:**
H. Gray Burks, IV
Burks Baker, PLLC
950 Echo Lane Ste 300
Houston, TX 77024

**Chapter 11 Trustee:**
Christopher R. Murray
602 Sawyer Street Ste 400
Houston, TX 77007

**Chapter 11 Trustee's Counsel:**
R. J. Shannon
Shannon & Lee LLP
2100 Travis Street Ste 1525
Houston, TX 77002

**U.S. Trustee:**
Office of United States Trustee
Attn: Jana Smith Whitworth
515 Rusk Street Suite 3516
Houston, TX 77002