# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| IN RE: | § |
| | § Case No. 23-34815 (JPN) |
| GALLERIA 2425 OWNER, LLC | § |
| | § Chapter 11 |
| Debtor. | § |
| 2425 WL, LLC | § |
| | § |
| Appellant | § |
| | § |
| v. | § Civil Action No. 4:24-cv-02590 |
| | § |
| NATIONAL BANK OF KUWAIT, | § |
| S.A.K.P., NEW YORK BRANCH; | § |
| CHRISTOPHER R. MURRAY, | § |
| TRUSTEE | § |
| | § |
| Appellees. | § |

**REPLY TO 2425 WL'S RESPONSE TO
NBK'S SUPPLEMENT TO MOTION TO DISMISS**

## **TABLE OF CONTENTS**

                                                                                                         **Page**

INTRODUCTION .................................................................................................................. 1

    A.  2425 WL Intentionally Missed the Deadline to File its Designation and Statement .......... 2

    B.  The Plan Does Not Include Third Party Releases ............................................................... 3

    C.  Fractional Relief – Something Less than Unwinding the Plan – is not Available .............. 4

    D.  The Time to Appeal the Bankruptcy Court's Order Disallowing Claim No. 7 was
        not Tolled. ............................................................................................................................ 5

CONCLUSION ....................................................................................................................... 6

Appellee National Bank of Kuwait, S.A.K.P., New York Branch ("NBK") replies to Appellant 2425 WL, LLC's ("2425 WL") response (the "Response") [Docket No. 13] to NBK's supplement to its motion to dismiss (the "Supplement") [Docket No. 10] 2425 WL's appeal of the order (the "Confirmation Order") confirming NBK's liquidating plan for the Debtor (the "Plan"),[1] stating as follows:

## INTRODUCTION

1. Even a cursory review of the Response makes four things clear. First, Appellant's failure to file its designation of record and statement of issues timely was not a mistake. It was intentional and calculated. There is no case that sanctions that conduct.

2. Second, Appellant understands that the Plan does not impose non-consensual third-party releases even though it tries to paint a (blurred) picture to the contrary. Because there are no third-party releases, Appellant's objection to the Plan's limited gate-keeping provisions is meritless.

3. Third, the disallowance of 2425 WL's claim, together with the substantial consummation of the Plan, makes clear that there is no relief to be crafted for 2425 WL. 2425 WL has no remaining economic interest to defend through this appeal.

4. Finally, reliance on its motion to reconsider the Bankruptcy Court's disallowance of its claim as fraudulent to support the continued viability of that claim for appellate purposes fails because only a timely filed motion to reconsider extends the appeal deadline. The Bankruptcy Court has held that 2425 WL's motion to reconsider was not timely filed.

---

[1] Capitalized terms used but not defined herein have the meaning ascribed to them in the Supplement.

### A. *2425 WL Intentionally Missed the Deadline to File its Designation and Statement*

5.  In the Response, 2425 WL concedes that it intentionally missed the deadline to file its designation of record and statement of issues (the "Issues Statement"), waiting to submit the Issues Statement only after circumstances turned against it. As 2425 WL writes, "[i]t certainly was not a coincidence that 2425 WL filed the statement of issues on appeal and designation of record immediately after" the Trustee filed a notice of QB Loop's failure to close the sale. (Response at ¶ 16.)

6.  There is no precedent excusing an intentional missing of the deadline to file an Issues Statement. 2425 WL's efforts to contrast Fifth and Fourth Circuit law over when the failure to meet this deadline should result in dismissal of an appeal, even if accurate (which it is not), therefore, are irrelevant. Cases dismissing appeals on facts showing a "pattern of dilatoriness" or no excusable neglect are inapposite when the failure to meet the deadline was intentional. There is no leeway to provide 2425 WL where it intentionally missed the filing deadline, nor should any leeway be given if deadlines are to have meaning and effect. *See, e.g.*, *Falconer v. LeHigh Hanson, Inc.*, No. 4:11-cv-373, 2013 WL 3480382, 3-7 (S.D. Tex. Jul. 9, 2013), *aff'd*, 560 Fed. Appx. 428 (5th Cir. 2014) (dismissing reinstated lawsuit after finding that plaintiff "intentionally pursued a strategy of delay" and "flount[ed] court orders and procedural rules."). *See also Silvercreek Mgmt. v. Banc of Am. Sec., LLC*, 534 F.3d 469, 472 (5th Cir. 2008) (finding no delay or excuse where meeting a deadline was within a party's reasonable control).

7.  Moreover, 2425 WL's assertion that the issues it has raised on appeal changed after the Trustee gave notice that QB Loop was not going to acquire the Property does not excuse its failure to have timely filed the Issues Statement. First, nothing would have prevented QB Loop from narrowing the record or the issues for appeal after a timely Issues Statement was filed. (Indeed, in its original response to the Motion to Dismiss, 2425 WL did just that – it limited the

2

issues for this appeal. (*See* ECF No. 8 at ¶¶ 5(a) and (b).) Second, 2425 WL has not demonstrated what records or issues would have been added or subtracted from a timely filed Issues Statement, especially the original, detailed designation/record that 2425 WL filed late, which appears intentionally broad.

### B. *The Plan Does Not Include Third Party Releases*

8.  Trying to evade the impact of the disallowance of its fraudulent claim on its standing to prosecute, and the mootness of, this Appeal, 2425 WL argues that even without a claim it has standing to challenge the gatekeeping provisions in the Plan because they effectuate a non-consensual release of third-party claims, that is, a non-consensual release of non-estate claims by one non-debtor against another non-debtor.

9.  This argument, however, misses the point in two fundamental ways. First, it fails to answer why 2425 WL has standing to act as a watchdog for the interests of other non-debtors when it has no economic interest at stake and prudentially only has standing to try to vindicate its own interests. *See Matter of Dean*, 18 F.4th 842, 844 (5th Cir. 2021) (bankruptcy standing is narrower than constitutional standing and requires a party to demonstrate that it has an economic interest in the outcome of the bankruptcy proceedings). In this case, the United States Trustee, a party that does not need an economic interest to object to the Plan's provision and is the Bankruptcy Code's designated watchdog, signed off on the Plan's gatekeeping provisions.

10. Second, the argument again misstates the Plan. There are no non-consensual releases of third-party claims against any non-debtor in the Plan or Confirmation Order. The only claims released by the Plan and Confirmation Order are claims that belonged to the Debtor's estate. (*See* 11 U.S.C. § 1123(b)(3) (permitting a plan to settle "any claim or interest belonging to the debtor or to the estate.") The gatekeeping provisions of the Plan protect parties who received releases from estate claims from being sued for those claims by other non-debtors, and it provides

3

those parties the ability to demonstrate that the non-estate claims they wish to pursue are colorable – not just an attempt to circumvent the release of estate claims.

11.  2425 WL cannot challenge provisions that do not and cannot impact it and blatantly mischaracterize the Plan. It has no claims against the Debtor's estate, and any direct claim it had against NBK was not eliminated by the Plan (although as noted in the Motion to Dismiss and Supplement, those claims otherwise have been dismissed with prejudice) (*See* Supplement at ¶ 12.)

### C. Fractional Relief – Something Less than Unwinding the Plan – is not Available

12.  2425 WL contends that this Court can devise relief for it in two respects, notwithstanding the fact that the Confirmation Order was not stayed and the Plan has been substantially consummated, by providing "fractional relief" to strike two "offensive" provisions in the Plan – the gatekeeping provisions and the provision disallowing 2425 WL's claims.

13.  For the reasons set forth above, in the Motion to Dismiss and the Supplement, there is nothing "offensive" about the Plan's gatekeeping provisions which on their face are consistent with Fifth Circuit precedent. There simply is no basis to excise them from the Plan.[2]

14.  There similarly is nothing "offensive" about a plan disallowing a claim. Indeed, the very purpose of a chapter 11 plan is to set forth the treatment of claims and claims are allowed, disallowed or compromised in reorganization plans all the time. (*See* 11 U.S.C. § 1123(a)(3) (requiring a plan to specify the treatment of claims or interests; 11 U.S.C. § 1123(b)(1) (permitting a plan to impair or leave unimpaired "any class of claims, secured or unsecured, or of interests.")

---

[2]  2425 WL suggests that NBK's recently filed motion to enforce the gatekeeping provisions in the Bankruptcy Court somehow demonstrates why the gatekeeping provisions are offensive and should be excised. But there is nothing offensive about NBK seeking to enforce an unstayed order of three lawsuits that appear on their face to replicate claims asserted by the Debtor against NBK which were filed by parties other than 2425 WL and who themselves did not appeal the Confirmation Order. Moreover, the relief sought in the enforcement motion is limited to what the gatekeeping provisions provide – requiring those plaintiffs to demonstrate that they are pursuing, or intend to pursue, colorable non-estate claims.

4

The regularity of provisions allowing, disallowing or compromising claims is so pervasive that 2425 WL did not even think to object to this provision in the Plan before the Bankruptcy Court. But regardless, 2425 WL's claim was disallowed on the merits in response to the Trustee's objection that, among other things, the claim was fabricated.

15. Finally, 2425 WL provides no cogent explanation why, even if there were a basis to challenge these two plan provisions, a successful challenge would not result in the "unscrambling of the egg," the potential unwinding of asset transfers and distributions consummated based on the unstayed Confirmation Order.

16. There is no "fractional relief" to give to 2425 WL to avoid dismissal of the Appeal as moot.

### D. The Time to Appeal the Bankruptcy Court's Order Disallowing Claim No. 7 was not Tolled.

17. In response to NBK's Supplement demonstrating that the disallowance of 2425 WL's claim by the Bankruptcy Court either deprives it of standing or eliminates a justiciable issue for 2425 WL in the Appeal, 2425 WL contends that it has or will timely appeal from the order disallowing its claim as fraudulent, and thus the claim remains alive for appellate purposes. Specifically, 2425 WL contends it had until October 7, 2024, to appeal the order disallowing its claim because October 7, 2024, is 14 days from the Bankruptcy Court's denial of its motion to reconsider the order disallowing the claim. (*See* Response at ¶ 4.)

18. The time to file an appeal of the order disallowing 2425 WL's was extended, however, only if the motion to reconsider was timely filed. *See* Fed. R. Bankr. P. 8002(b). The Bankruptcy Court denied the motion to reconsider finding it was untimely and that to have been filed timely it should have been filed on September 20, 2024 and not on September 23, 2024. (The Court also found no basis to revisit its decision.) The deadline to file the motion to reconsider and

5

to file an appeal of the disallowance of 2425 WL's in the absence of a timely filed motion to reconsider is the same. *Id.* 2425 WL cannot secure standing in this Appeal by trying to collaterally attack the disallowance of its claim or denial of its motion to reconsider as untimely here.

## CONCLUSION

Nothing in 2425 WL's Response provides justification not to dismiss the appeal. Missing the deadline to file the Issues Statement was intentional and there is simply no excuse for intentionally missing a deadline. Also, there is no relief to grant on the now limited issues identified by 2425 WL for appeal because, on its face, the Plan does not effectuate a non-consensual third-party release of claims and in disallowing 2425 WL's claim, the Plan did what chapter 11 plans routinely do and without any objection having been lodged to the disallowance of its claim by 2425 WL in connection with confirmation of the Plan by the Bankruptcy Court. Regardless, 2425 WL's claim also was disallowed as fraudulent, that decision was not timely appealed, and 2425 WL has not explained how providing it "fractional relief" would not result in the potential unwinding of the confirmed and unstayed Plan. The Court, therefore, should dismiss the Appeal.

DATED: October 14, 2024                    **PILLSBURY WINTHROP SHAW PITTMAN LLP**

*/s/ Charles C. Conrad*
Charles C. Conrad
Texas State Bar No. 24040721
Ryan Steinbrunner
Texas State Bar No. 24093201
609 Main Street Suite 2000
Houston, TX 77002
Telephone: (713) 276-7600
Facsimile: (713) 276-7634
charles.conrad@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com

- *and* -

Andrew M. Troop (Bar No. MA547179)
Patrick E. Fitzmaurice*
Kwame O. Akuffo*
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com
patrick.fitzmaurice@pillsburylaw.com
kwame.akuffo@pillsburylaw.com

*Admitted *pro hac vice*

**Counsel for National Bank of Kuwait, S.A.K.P., New York Branch**

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 14, 2024, a true and correct copy of forgoing motion was served via the Court's CM/ECF system on the Liqudiation Trustee, 2425 WL's counsel of record and all others who are deemed to have consented to ECF electronic service in this Appeal, and also by mailing a copy of the motion, first class, postage prepaid, to each of the parties on the below service list.

                                                   */s/ Charles C. Conrad*
                                                   Charles C. Conrad

## **Service List**

**2425 WL's Counsel:**
J. Carl Cecere
Cecere PC
6035 McCommas Blvd.
Dallas, Texas 75206

**Liquidation Trustee:**
Christopher R. Murray
602 Sawyer Street Ste 400
Houston, TX 77007

**Liquidation Trustee's Counsel:**
R. J. Shannon
Shannon & Lee LLP
2100 Travis Street Ste 1525
Houston, TX 77002

**U.S. Trustee:**
Office of United States Trustee
Attn: Jana Smith Whitworth
515 Rusk Street Suite 3516
Houston, TX 77002